**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DEANN A. MCBRAYER,

       Plaintiff,                           CASE NO. 07-CV-14347

-vs-

                                              PAUL D. BORMAN
BAKER COLLEGE OF ALLEN          UNITED STATES DISTRICT JUDGE
ALLEN PARK, ET. AL.,

       Defendants.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION IN FAVOR OF: (1) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND (3) DENYING AS MOOT ALL OTHER PENDING MOTIONS**

      Before the Court is Plaintiff Deann A. McBrayer's Objections to Magistrate Judge Donald A. Scheer's March 19, 2008 Report and Recommendation ("Report") in favor of granting Defendants' Motion for Summary Judgment, denying Plaintiff's motion for the same, and denying as moot all other pending motions. (Dkt. No. 40).

      The Court now reviews the Objections, the Report and pertinent parts of the record *de novo* pursuant to 28 U.S.C. § 636(b).

      This case is one of many Plaintiff has filed in this Court and in state court arising from the same set of facts and supported by the same assertions of evidence. (*See* Case No. 07-723525 and Case No. 07-727866 in Wayne County Circuit Court; Case No. 07-13834, Case No. 07-13872, and Case No. 08-10404 in the United States District Court for the Eastern District of Michigan). The Court has recently held that *res judicata* applied to bar Plaintiff's Case No. 08-10404 and prohibited Plaintiff from filing any other actions based on the same subject matter in this Court. *See McBrayer v. Baker College*, No. 08-10404 (E.D. Mich. filed Jul. 3, 2008).

In the instant case, Plaintiff contends that the Magistrate Judge erred when he failed to allow her to amend her complaint to "prima facie case of libel." (Obj. ¶ 1). The Court notes that Plaintiff filed two Motions to Amend on January 15, 2008 and January 22, 2008, both of these motions were filed after Defendants' Motion for Summary Judgment. (Dkt. Nos. 18, 30). Plaintiff argues that it was "not right" for her Motions to Amend to be denied, however, the Court finds that Plaintiff's argument is without merit. Rather than being denied, Plaintiff's motions became moot after the Magistrate Judge determined her case was bared by *res judicata*.

To the extent that the Magistrate Judge could have addressed the Motions to Amend, there is no error for the reason that Plaintiff's proposed amendment is futile. Plaintiff claims a "prima facie case of libel" in the instant action against the Defendants and adds the Defendants attorneys has parties. Plaintiff vaguely asserts that Defendants "lied" in their Responses to this Court and also to the state court in the similar proceedings, however, under Michigan law, statements made in the course of judicial proceedings are absolutely privileged. *Oesterle v. Wallace*, 272 Mich. App. 260, 265 (2006). Therefore, Plaintiff's Motions to Amend are futile and Plaintiff's objection is denied.

Plaintiff also argues that she was denied due process because she was not appointed an attorney in this matter. Plaintiff appears to rely on a published document or book entitled "One Court of Justice" for the contention that she is entitled to an attorney appointment and her due process rights have been violated. However, there exists no constitutional right to the appointment of counsel in civil cases, and the Court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (stating "appointment of counsel in a civil case is . . . . a matter within the discretion of the court. It is a privilege not a right.") (internal quotation omitted); *see Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985)

(same).  Further, although Plaintiff objects to the Magistrate Judge's Report based on denial of an attorney appointment, this point is moot for the reason that appointment of counsel not effect the outcome of this action.  The Magistrate Judge found, and the Court agrees, that *res judicata* bars Plaintiff from maintaining her claim – therefore, no legal expertise can rehabilitate this action.

Plaintiff contends that the Magistrate Judge erred in finding that her action could have been brought in state court because her claim arose under federal law and therefore, could not have been adjudicated by state court.  The Court finds this objection without merit.  State courts are courts of general jurisdiction, and the "presumption is that they have subject matter jurisdiction over a particular controversy unless a showing is made to the contrary."  WRIGHT, MILLER & COOPER, Federal Practice & Procedure: Jurisdiction 2d § 3522 (1994).  Federal courts, on the other hand, have limited jurisdiction and cannot hear cases without statutory and constitutional authority.  *Id*.

For these reasons, the Court:

(1) **DENIES** Plaintiff's Objections to the Report (Dkt. No. 40) and **ADOPTS** the Report and Recommendation (Dkt. No. 38);

(2) **GRANTS** Defendants's Motion for Summary Judgment (Dkt. No. 8);

(3) **DENIES** Plaintiff's Motion for Summary Judgment (Dkt. No. 33);

(4) **DISMISSES WITH PREJUDICE** Plaintiff's Complaint; and

(5) **DENIES AS MOOT** all other pending motions in this action.

**SO ORDERED.**

                                                            s/Paul D. Borman  
                                                            PAUL D. BORMAN  
                                                            UNITED STATES DISTRICT JUDGE

Dated:  July 9, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 9, 2008.

                                            s/Denise Goodine
                                            Case Manager